ELLIS, Judge.
Plaintiff Robert Daniel Chappuis was injured when a small piece of metal flew off a hammer he was using and lodged in his eye. He filed this suit for damages arising therefrom, against Sears Roebuck and Company, and Vaughan and Bushnell Manufacturing Company, the seller and manufacturer of the hammer; and Continental Insurance Company and Lumbermen’s Mutual Casualty Company, insurers of Vaughan and Bushnell. Sentry Insurance, A Mutual Company, intervened to recover workmen’s compensation benefits paid to plaintiff. Thereafter, Sears, Vaughan and Continental third partied Huey G. Tucker, plaintiff’s employer, and Sentry, his insurer, for indemnification in the event they should be found liable.
The case was tried on the merits by a jury, which returned a verdict for the defendants. Judgment was signed dismissing the main demand, the intervention and the third party demand, from which judgment plaintiff and Sentry have appealed.
The hammer in question was a claw hammer, manufactured by Vaughan, and sold by Sears under the Craftsman label. It was bought by Mr. Tucker for use in his sheet metal business on December 18, 1972. Plaintiff, who was inexperienced in sheet metal work, was hired by Mr. Tucker as a helper about three weeks before the accident, which happened on June 28,1974. He was engaged in driving a common nail into a two by four when a small piece of metal flew off the face of the hammer and entered his left eye, injuring him seriously.
According to the pre-trial order, it was the position of plaintiff and intervenor that the accident happened because of “the fault of Sears and Vaughan and Bushnell in producing and selling a hammer which was not fit for the purpose intended and not designed in such a way as to avoid chipping
However, the testimony is clear that there were no defects in the material, design or manufacture of the hammer, which was sold with the following warning affixed to the handle:
“WARNING BE SAFE WEAR SAFETY GOGGLES
“This hammer is intended for driving and pulling common nails only. Hammer face may chip if struck against another hammer, hardened nails, or other hard objects, possibly resulting in eye or other injury.”
The evidence is also clear that if the hammer is used as intended, the face will not chip. It is also clear that there were six or seven chips, or spalls, on the face of the hammer at the time that plaintiff was injured. The expert testimony is to the effect that the chip which injured plaintiff had been loosened by some previous misuse of the hammer. The experts also testified that, once the face of a hammer is chipped, it should be discarded, because a chipped hammer face tends to chip again. It appears that no warning to that effect was issued by the defendants. Mr. Chappuis, Mr. Tucker, and Mr. Smith, another employee, all testified that they had never used the hammer improperly, nor had they seen anyone else use it improperly.
Plaintiff argues that the jury should have found that the hammer was defective because there was no evidence that it had been misused and because it had chipped under conditions of normal use. It is further argued that, even if the hammer were not defective, and had been misused, the defendants failed to warn of the danger of using a hammer with a chipped face, and were liable for failing to do so.
In Weber v. Fidelity & Casualty Insurance Co. of N. Y., 259 La. 599, 250 So.2d 754 (1971) the court said:
“A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. How *965 ever, the plaintiff claiming injury has the burden of proving that the product was defective, i. e., unreasonably dangerous to normal use, and that the plaintiff’s injuries were caused by reason of the defect.

“If the product is proven defective by reason of its hazard to normal use, the plaintiff need not prove any particular negligence by the maker in its manufacture or processing; for the manufacturer is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them.”
There is ample evidence in this case from which the jury could have concluded that there was no defect in the design or manufacture of the hammer, and that it had been misused prior to the accident. The expert testimony is unanimous to that effect. We find no manifest error in that conclusion.
It is true that there exists in Louisiana a duty, on the part of manufacturers of potentially dangerous instrumentalities, “to instruct reasonably foreseeable users of their product with regard to its safe use.” Amco Und. of Audubon Ins. Co. v. American R. & S. Corp., 329 So.2d 501 (La.App. 1st Cir. 1976). We think that duty has been fulfilled by the warning placed on the handle of the hammer herein. Plaintiff is suggesting that the manufacturer must anticipate the misuse of its product, and warn of all dangers which might arise therefrom. We hold that the law does not require warnings of this nature.
The plaintiff also complains that the instructions given the jury were misleading, in that the jury might have received the impression that it was necessary to find negligence on the part of the defendants, while his case is based on strict liability. We have reviewed the instructions given the jury, and find that the law relative to “products liability” cases was properly given. The instructions relative to negligence related to the third party demands against Mr. Tucker and his insurer, and were clearly separated and distinguished from the law relating to the defendants in the main demand. There is no merit to the specification of error.
The judgment appealed from is affirmed at plaintiff’s cost.
AFFIRMED.